IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CRYSTAL DUTREMBLE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CARRIER CORPORATION,<br><br>　　　　　　Defendant. | Civil Action No. 3:23-cv-737 |

## NOTICE OF REMOVAL

Defendant Carrier Corporation ("Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 to the United States District Court for the Western District of North Carolina and as grounds therefore states:

**I.　Timeliness of Removal**

1. On or about October 6, 2023, Defendant was served, via its registered agent, with a copy of Plaintiff Crystal Dutremble's Civil Summons and Complaint related to a civil action pending in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina, designated as File No. 23-CVS-15339. A copy of the Civil Action Cover Sheets, Civil Summons issued to Defendant, Application and Order Extending Time to File Complaint, Delayed Service of the Complaint, and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). Other than what is enclosed at Exhibit A, no other process, pleadings, or orders have been served upon or received by Defendant in this action to date.

2. Accordingly, Defendant is timely filing this Notice of Removal in advance of 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II. Venue

3. The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, is located within the Charlotte Division of the United States District Court for the Western District of North Carolina. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. Basis for Removal: Federal Question Jurisdiction

4. This action is properly removable under 28 U.S.C. § 1441(c), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Plaintiff's employment-related Complaint alleges that Defendant wrongfully terminated her employment, subjected her to discrimination and harassment, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) (hereinafter, "Title VII claims") (*See* **Exhibit A**, Complaint ¶¶ 1, 2, 5, 35-51). Plaintiff also asserts related claims under North Carolina law for "Wrongful Discharge and Treatment in Violation of North Carolina Public Policy Against Sexual Harassment and Discrimination." (*See Id.*, Compl., ¶¶ 1, 2, 5, 52-57).

6. By asserting claims under federal law, namely, Title VII, Plaintiff's Complaint asserts federal questions under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## IV. Basis for Removal: Diversity Jurisdiction

7. This action is properly removable under 28 U.S.C. § 1441(b) because the United States District Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a), which

provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

### A. Diversity of Citizenship

8. Upon information and belief, Plaintiff is a citizen and resident of Gaston County, North Carolina. (*See Id.*, Compl., ¶ 2).

9. Defendant Carrier Corporation is a corporation incorporated in Delaware with its principal place of business in Florida.

10. Complete diversity of citizenship exists, and this case is therefore removable under 28 U.S.C. § 1441(b).

### B. The Amount in Controversy Exceed $75,000

11. Further, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff seeks damages for alleged lost income and benefits and compensatory damages in an amount in excess of $100,000 for loss of reputation, quality of life, emotional distress and mental anguish, humiliation, and other damages. (*See Id.*, Compl., ¶¶ 31, 44, 50, 56, Request for Relief ¶ 1). Additionally, Plaintiff seeks reasonable attorney fees as well as punitive damages pursuant to 42 U.S.C. § 1981a(b) and Chapter 1D of the North Carolina General Statutes. (*See Id.*, Compl., ¶¶ 45-46, 51, 57, Request for Relief ¶¶ 3-4). Therefore, based on the damages claimed in the Complaint, the amount in controversy exceeds the sum or value of $75,000.

12. Thus, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## V. Supplemental Jurisdiction

13. This Court has supplemental jurisdiction over Plaintiff's state law claims for "Wrongful Discharge and Treatment in Violation of North Carolina Public Policy Against Sexual Harassment and Discrimination." (*Id.* at ¶¶ 1, 2, 5, 52-57). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

14. Here, Plaintiff's state law claim is closely related to her Title VII claim and is based on the theory that Plaintiff was discriminated against, harassed, and retaliated against because of her sex in violation of the public policy of North Carolina as set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143.422.2. Plaintiff's state law claim arises out of a common nucleus of operative facts as her Title VII claim: allegations that Plaintiff was sexually harassed and discriminatorily treated because of her sex despite her complaints of sexual assaults and harassment by Defendant's employee, and that she was ultimately wrongfully discharged on the same grounds. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claim. Plaintiff's state law claim neither raises novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling

reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**VI.     Conclusion**

In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all parties and filed with the Clerk of Superior Court of Mecklenburg County. A copy of Defendant's Notice of Filing of Notice of Removal to the state court is attached hereto as **Exhibit B**.

By removing this matter, Defendant does not waive or intend to waive any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant removes this case and respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

Dated this the 3rd day of November, 2023.

Respectfully submitted,

/s/Meredith F. Hamilton
Benjamin R. Holland, NC #28580
Meredith F. Hamilton, NC #50703
*Attorneys for Defendant Carrier Corporation*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  benjamin.holland@ogletree.com
           meredith.hamilton@ogletree.com

# CERTIFICATE OF SERVICE

I, Meredith F. Hamilton, hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notice of the same to the following individual:

R. Michael Elliot
ELLIOT MORGAN PARSONAGE PLLC
300 E Kingston Ave., Suite 200
Charlotte, NC 28203
Telephone: (704) 707-3705
Facsimile: (336) 724-3335
Email: michaelelliot@emplawfirm.com

*Attorney for Plaintiff*


Dated this the 3rd day of November, 2023.

/s/Meredith F. Hamilton
Meredith F. Hamilton, NC #50703
*Attorneys for Defendant Carrier Corporation*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  meredith.hamilton@ogletree.com